No. 25-_____

# In the United States Court of Appeals for the Fourth Circuit

UNITED STATES OF AMERICA,

                                  *Plaintiff-Appellee*,

v.

THOMAS C. GOLDSTEIN,

                                  *Defendant-Appellant*.

On Appeal from the United States District Court
for the District of Maryland
No. 8:25-cr-00006-LKG-1; Hon. Lydia Kay Griggsby

**DEFENDANT-APPELLANT'S EMERGENCY MOTION FOR SUMMARY REVERSAL OR IN THE ALTERNATIVE FOR EXPEDITED BRIEFING AND DECISION**

                                  Thomas C. Goldstein
                                  4323 Hawthorne St., NW
                                  Washington, D.C. 20016
                                  (202) 674-7594
                                  tom@tomgoldstein.net

                                  *Pro Se Defendant-Appellant*

# DEFENDANT-APPELLANT'S EMERGENCY MOTION FOR SUMMARY REVERSAL OR IN THE ALTERNATIVE FOR EXPEDITED BRIEFING AND DECISION

Pursuant to Fourth Circuit Rule 12(c), *pro se* Defendant-Appellant Thomas C. Goldstein requests that the Court summarily reverse or in the alternative enter an expedited briefing schedule and decide the appeal as soon as practicable. Counsel for the United States has been informed of the intended filing of this motion but refused to respond, asserting that I may not represent myself *pro se* while represented by counsel in the district court.[1]

Defendant-Appellant has filed an interlocutory appeal as a matter of right from an Order of the District Court. 4th Cir. No. __. The appeal will determine my ability to pay my criminal defense counsel.

Highly expedited consideration of the appeal is essential. Trial proceedings in this complex criminal tax case are set to commence in less than two months (on January 12, 2026) and to take approximately one month. But a ruling from this Court is required even well before the trial concludes in mid-February 2026. The underlying issue involves my

---

[1] That issue is addressed in Part V of my Opening Brief.

attempt to sell my home, which the District Court's ruling forbids. On remand from an Order of this Court reversing, the District Court may need to conduct an evidentiary hearing. *See United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001). Then, the process of selling the home will itself take some time.

The defense team, and in particular the experts retained by the defense, require assurance that they will be paid prior to the close of trial in order to participate. Given all the other expenses related to the case, selling the home is necessary to pay them.

If the sale is not completed before the entry of judgment in the case, and I am convicted, the government has made clear that it will seek to seize the home (and thus prevent any sale) on other grounds. The legal issues could then become moot. If this Court were instead to decide the issues presented by this appeal after a judgment of conviction, agreeing that the District Court denied me my right to counsel, it would be required to reverse the conviction as a matter of law. *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006).

I brought these issues before this Court promptly. In the District Court, the defense sought leave to sell the home beginning days after the

indictment was returned, in January 2025. ECF Nos. 18, 30. But the Court denied relief without prejudice, declining to issue an appealable ruling, stating that the motion should be renewed when it was apparent that I specifically needed the funds from the home to pay counsel. ECF No. 72. Beginning in May, the defense spent months attempting to reach an agreed-upon resolution with the government, including by answering numerous requests for information. Those efforts ultimately proved fruitless in August. The defense renewed the motion in September. ECF No. 166. But the Court did not resolve that motion until November 18. ECF No. 237. I also was unavoidably occupied with assisting the defense team with five separate filings late last week.

Expedited disposition is also appropriate because the sole question presented by the appeal can be decided summarily by unpublished order. A criminal defendant has a Sixth Amendment right to dispose of "forfeitable" property that he needs to fund his criminal defense, so long as that property is "untainted." *Luis v. United States*, 578 U.S. 5 (2016); *see also, e.g.*, *United States v. Chamberlain*, 868 F.3d 290 (4th Cir. 2017). This Court has squarely "held that due process requires a pretrial adversary hearing when a defendant claims that a portion of the assets

3

restrained pursuant to criminal forfeiture statutes are untainted and that he has no other funds from which to secure the counsel of his choice." *United States v. Farmer*, 274 F.3d 800, 808 (4th Cir. 2001). The Question Presented by the appeal involves a straightforward application of those principles: May a District Court resolve the government's assertion that otherwise-innocent property is "tainted" on a "but for" chain of causation merely by accepting the government's claims as true?

As discussed in my contemporaneously filed Memorandum, the District Court committed three legal errors that are obvious and do not require extended analysis. The Court's refusal at the very least to hold an evidentiary hearing to determine the validity of the government's factual assertion that the property is tainted cannot be reconciled with this Court's ruling in *Farmer*.

Further, summary disposition is appropriate because these questions were already the subject of multiple rounds of briefing before the District Court. That briefing is of course available to this Court (ECF Nos. 18, 30, 34, 166, 174, 179) and is sufficient for this Court to resolve the issues. It also is not necessary for this Court to hold oral argument.

Alternatively, the Court should order highly expedited briefing and dispose of the appeal as soon as is practicable. Contemporaneous with this Motion, I am filing the form required for *pro se* litigants, together with a Memorandum in support. The government should file its responsive brief in one week, on December 3. I should file any reply within two days, on December 5. That schedule is manageable. For example, in the District Court, the government responded to my initial motion to sell the home in only 2 days. *See* ECF No. 34. Given the existing briefing, combined with the urgency of the circumstances, the proposed schedule is appropriate.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion for summary reversal or expedited briefing and decision.

Dated: November 26, 2025                    Respectfully submitted,

/s/ Thomas C. Goldstein

Thomas C. Goldstein
4323 Hawthorne St., NW
Washington, D.C. 20016
(202) 674-7594
tom@tomgoldstein.net

*Pro Se Defendant-Appellant*

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limits of Fed. R. App. P. 27(d)(2)(A) because it contains 898 words, excluding the portions exempted by the rules. The motion's typesize and typeface comply with Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook, 14-point font.

Dated: November 26, 2025

*/s/ Thomas C. Goldstein*
Thomas C. Goldstein

# CERTIFICATE OF SERVICE

I certify that on November 26, 2025, I served the foregoing motion on counsel for the United States by electronic mail to:

Sean Beaty
United States Department of Justice
Tax Division
150 M St., NE
Washington, DC 20002
sean.p.beaty@usdoj.gov

Dated: November 26, 2025, 2025

*/s/ Thomas C. Goldstein*
Thomas C. Goldstein